UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIAH MATAMOROS,<br><br>            Plaintiff,<br><br>     v.<br><br>KERN COUNTY SHERIFF ADMINISTRATION, et al.,<br><br>            Defendants. | Case No. 1:21-cv-00098-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE**<br><br>**14-DAY DEADLINE**<br><br>CLERK OF COURT TO ASSIGN A DISTRICT JUDGE |

On March 11, 2021, the Court issued an order requiring Plaintiff, within forty-five days, to apply to proceed *in forma pauperis* ("IFP") or pay the filing fee. (Doc. 4.) The Court cautioned, "**Failure to comply with this order will result in dismissal of this action.**" The Court served the order on Plaintiff by U.S. Mail. On April 4, 2021, the U.S. Postal Service returned the order as undeliverable. To date, Plaintiff has not updated his address with the Court or responded to the IFP order.

As explained in the Court's first informational order, a party appearing *pro se* must keep the Court advised of his current address. (Doc. 2 at 5.) Pursuant to the Local Rules, if mail directed to a *pro se* plaintiff at his address of record is returned by the U.S. Postal Service and the plaintiff fails to update his address within 63 days, the Court may dismiss the action without prejudice for failure to prosecute. L.R. 183(b).

///

1    The Local Rules also provide that the "[f]ailure of counsel or of a party to comply with
2 . . . any order of the Court may be grounds for the imposition by the Court of any and all
3 sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent
4 power to control their dockets" and in exercising that power, may impose sanctions, including
5 dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir.
6 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a
7 court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th
8 Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v.*
9 *U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a
10 court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to
11 prosecute and to comply with local rules).

12   Although more than 63 days have passed since the U.S. Postal Service returned the
13 Court's IFP Order, Plaintiff has failed to notify the Court of his current address. It appears that
14 Plaintiff has abandoned this action. Whether he has done so intentionally or mistakenly is
15 inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and the Local
16 Rules. The Court declines to expend its limited resources on a case that Plaintiff has chosen to
17 ignore. Accordingly, the Court RECOMMENDS that this action be **DISMISSED without**
18 **prejudice** for Plaintiff's failure to prosecute. The Court DIRECTS the Clerk of Court to assign a
19 district judge to this action.

20   These Findings and Recommendations will be submitted to the United States District
21 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**
22 of the date of service of these Findings and Recommendations, Plaintiff may file written
23 objections with the Court. The document should be captioned, "Objections to Magistrate Judge's
24 Findings and Recommendations."
25 ///
26 ///
27 ///
28 ///

2

Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 16, 2021**              **/s/ Jennifer L. Thurston**
                                                                     CHIEF UNITED STATES MAGISTRATE JUDGE